LANOUETTE *v.* LAPLANTE.

A policy of life insurance made payable to one having no insurable interest in the life insured, who pays the premiums thereon, is a wagering contract; and if the amount insured is paid to him under the contract, he holds it for the benefit of the estate of the insured, after deducting the money advanced by him.

BILL IN EQUITY, for an accounting. Facts found by the court. The plaintiff is a creditor of the estate of Delina Lawrence, who died November 30, 1883. In the summer of 1883, the defendant and Mrs. Lawrence were in the office of the plaintiff, who was an officer of the Granite State Mutual Aid Association. In the course of a conversation about insurance, Mrs. Lawrence said she would take out a policy if the defendant would let her have the money. He replied, "All right. Be insured if you like, and I'll let you have the money." The defendant was a Catholic priest, and Mrs. Lawrence had been one of his parishioners. He was not related to her in any way. A policy was thereupon issued by the association upon the life of Mrs. Lawrence for $4,000, payable to the defendant, one fourth for the benefit of her daughter, and three fourths for the benefit of the defendant. He paid the premiums and assessments until her death.

Suit was brought by the defendant against the association upon the policy, which was compromised by the payment to the defendant of the sum of $1,300. Of this sum he paid the daughter $375 and retained the balance for his own benefit.

*Oliver P. Cormier*, *John H. Riedell*, and *Sulloway & Topliff*, for the plaintiff.

*John H. Andrews*, for the defendant.

*Per Curiam.* "When a policy of insurance is effected by any person on his own life or the life of another, expressed to be for the benefit of a third person . . . , the party for whose benefit such policy is so expressed to be made shall be entitled to the sum so insured, against the claims of the creditors or representatives of the party effecting the same." Gen. Laws, *c.* 175, *s.* 2. The facts as reported in the case show that the insurance was effected by Mrs. Lawrence on her own life for the benefit of the defendant, upon an unbounded and well grounded faith that the defendant would make an equitable disposition of the proceeds. It is also consistent with the findings of the case that the defendant may have been present with Mrs. Lawrence when the policy

---

* See foot-note on page 80.

was issued. If not, he was immediately informed of it, and adopted her act in procuring the insurance and making him the principal beneficiary in the policy. The transaction in a legal aspect does not differ from what it would have been if he had himself procured the insurance with Mrs. Lawrence's assent. The statute referred to relates to legal insurance, and was not intended to give validity to contracts that are void as wagers, and contrary to common-law principle. This policy, payable to the defendant, who had no interest in the life of Mrs. Lawrence, but who would have acquired, if the contract was legal, an interest in her immediate death, was an illegal contract. And it is settled in such a case, when the insurance has been paid according to its terms, that the residue remaining after an equitable adjustment may be recovered by the administrator of the estate of the person insured. *Warnock* v. *Davis*, 104 U. S. 775.

When an administrator of Mrs. Lawrence's estate is appointed, he may be made the plaintiff by an amendment of the bill; and when the bill is further amended, if necessary, by adding a count in assumpsit for money had and received, there will be judgment for the plaintiff for the balance remaining in the defendant's hands, after an equitable adjustment of his payments, including expenses and what he paid Mrs. Lawrence's daughter.

*Case discharged.*

SMITH, J., did not sit: the others concurred.